IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ZYRELL HORTON, # 253522, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:18-cv-886-WHA-CSC |
| PATRICIA HOOD, *et al.*, | ) | (WO) |
| | ) | |
| Respondents. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on September 23, 2018, by Zyrell Horton, an Alabama inmate proceeding *pro se*. Doc. 1.[1] Horton challenges his 2007 Chambers County conviction and 25-year sentence for attempted murder. Respondents argue that Horton's petition is time-barred under AEDPA's one-year limitation period, 28 U.S.C. § 2244(d). Docs. 11, 21. The Court agrees with Respondents and, consequently, finds that Horton's petition should be denied without an evidentiary hearing and that this case should be dismissed with prejudice.

### I. BACKGROUND

On March 1, 2007, a Chambers County jury found Horton guilty of attempted murder, in violation of ALA. CODE §§ 13A-4-2, 13A-6-2(a)(1). Doc. 1 at 1. On April 6, 2007, the trial court sentenced Horton to 25 years in prison. Doc. 1 at 1. Horton appealed,

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

and on September 21, 2007, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by memorandum opinion. Doc. 9-1. Horton did not seek certiorari review in the Alabama Supreme Court. On October 11, 2007, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 9-2.

Over three years later, on March 31, 2011, Horton filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 11-1 at 5–18. On September 14, 2011, the trial court entered an order denying Horton's Rule 32 petition. Doc. 11-1 at 27. Horton appealed, and on January 27, 2012, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of the Rule 32 petition. Doc. 9-3. Horton did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on February 15, 2012. Doc. 9-4.

In December 2016, Horton filed a second Rule 32 petition with the trial court. Doc. 9-5 at 2; Doc. 9-6. That Rule 32 petition was pending in the trial court when Horton filed this § 2254 petition and was denied in September 2019. Doc. 14-1 at 1–2. Horton did not appeal that denial.

On September 23, 2018, Horton filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] In his petition, Horton asserts claims regarding his failure to receive a *Miranda* warning[3] when he was arrested; a claim of "false indictment" because

---

[2] Although the petition was date-stamped as received in this court on October 15, 2018, Horton represents that he delivered the petition to prison officials for mailing on September 23, 2018. Doc. 1 at 15. Thus, under the prison mailbox rule, the court deems Horton's petition to be filed on September 23, 2018.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

"petitioner's identity was never verified" during the proceedings; and a claim of "false imprisonment (cruel and unusual punishment)" based on his failure to receive a *Miranda* warning. Doc. 1 at 5–9. On August 6, 2020, Horton filed an amendment to his § 2254 petition presenting, in narrative fashion, what appear to be claims of ineffective assistance of counsel, illegal arrest, excessive sentence, insufficient evidence, and fraud in his prosecution. Doc. 16 at 1–13.

Respondents have filed answers arguing that Horton's § 2254 petition and the claims in his amendment are time-barred under AEDPA's one-year limitation period. Docs. 9, 11, 21.

## II.  DISCUSSION

**A.    Timeliness of Horton's Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

>    been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court denies a petition for writ of certiorari or decides on the merits, or when the 90-day period in which to petition the Supreme Court for certiorari expires. *Nix v. Sec'y for the Dep't of Corr.,* 393 F.3d 1235, 1236–37 (11th Cir. 2004). *See, also, e.g., Coates v. Byrd*, 211 F. 3d 1225 (11th Cir. 2000); Rule 13.1, Rules of U.S. Supreme Court. When certiorari review in the state's highest court is not sought, the U.S. Supreme Court lacks jurisdiction to review a petition for writ of certiorari. *See* Rule 13.1, Rules of U.S. Supreme Court; 28 U.S.C. § 1257(a).

During the direct-review stage of his case, Horton did not seek certiorari review in the Alabama Supreme Court. His failure to do so precluded his seeking certiorari review in the U.S. Supreme Court. Therefore, for purposes of AEDPA, his conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on October 11, 2007—the date on which the Alabama Court of Criminal Appeals issued a certificate of

judgment in the direct-review proceedings. *Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). Absent statutory or equitable tolling, then, Horton had until October 13, 2008——the first business day after October 11, 2008—to file a § 2254 petition.

**B.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Horton does not get the benefit of this tolling provision, however, because, on March 31, 2011, when he filed his first Alabama Rule 32 petition, the federal limitation period had already expired—having run unabated for the full year after October 11, 2007. A Rule 32 petition filed after expiration of AEDPA's limitation period does not toll the federal statute, because no time remains to be tolled. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id*.

Nor did Horton's second Rule 32 petition—filed in December 2016—have a tolling effect under § 2244(d)(2). As with Horton's first Rule 32 petition, his second Rule 32 petition was filed after the federal limitation period had expired.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Horton by affording a different triggering date such that AEDPA's limitation period commenced on some date later than October 11, 2007, or expired on some date later than October 13, 2008. There is no evidence that an unlawful state action impeded Horton

from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Horton presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2244(d)(1)(C). Horton also presents no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

The AEDPA statute of limitations for Horton to file his § 2254 petition expired on October 13, 2008. He filed his § 2254 petition on September 23, 2018—almost 10 years after the limitation period expired. Clearly, then, his petition is untimely under 28 U.S.C. § 2244(d)(1)(A). The same time-bar applies to Horton's amended claims filed in August 2020—almost two years after he filed his untimely petition.

C.     **Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes when a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional

6

circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id*.

Horton appears to argue that the untimely filing of his § 2254 petition should be excused based on principles of equitable tolling because, he says, he had insufficient knowledge of the law regarding the filing of habeas petitions. Doc. 1 at 13. However, lack of legal training or a general ignorance or confusion regarding the law is not an extraordinary circumstance warranting equitable tolling. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013).

Horton also seems to argue he is entitled to equitable tolling because his counsel on direct appeal effectively "abandoned" him by filing a no-merit *Anders* brief[4] with the Alabama Court of Criminal Appeals.[5] Doc. 13 at 1, 8. Horton's argument fails because he points to no causal connection between his appellate counsel's filing of an *Anders* brief and his own filing of a § 2254 after expiration of the AEDPA limitation period. As indicated above, the "extraordinary circumstance" prong of equitable tolling requires a

---

[4] *Anders v. California*, 386 U.S. 738, 744 (1967).

[5] In *Maples v. Thomas*, 565 U.S. 266, 283–84 (2012), the U.S. Supreme Court recognized attorney abandonment as "cause" to excuse a procedural default in a habeas proceeding. Following *Maples*, the courts have recognized that attorney abandonment may constitute an "extraordinary circumstance" that, when coupled with a showing of diligence, may warrant equitable tolling of AEDPA's statute of limitations. *See, e.g., Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1228 (11th Cir. 2017).

causal connection between the alleged extraordinary circumstance and the late filing. *San Martin*, 633 F.3d at 1267.

Because Horton fails to establish that extraordinary circumstances prevented him from filing a timely § 2254 petition, he is not entitled to equitable tolling of the limitation period. Therefore, his § 2254 petition is time-barred and his claims for relief are subject to no further review. *See* 28 U.S.C. § 2244(d)(1)(A).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Horton's 28 U.S.C. § 2254 petition and amendment be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition and amendment were filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation by **October 12, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R.

3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of September, 2021.

        /s/ Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE